IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIV-21-108-RAW-KEW ) |
| JIM FARRIS, Warden, | ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner, a pro se state prisoner, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for First Degree Murder in Choctaw County District Court Case No. CRF-1981-83 (Dkt. 10). He raises five grounds for relief:

I. The county violated the Fourth Amendment by failing to provide prompt judicial determination of probable cause to person arrested without a warrant.

II. The trial court made a fundamental error. Defense attorney: It no big problem but the jury is passing the photographs around and not listening to any of this testimony. By the court: Okay thank you.

III. The trial court made a plain error. Ladies and gentleman there has been a problem of coordination and exchange of information here and we are going to take a recess at this time. The court and the defendant attorney failed to bring this information to the jury.

IV. Petitioner he is actually innocent on first degree murder. The prosecutor has failed to proved each essential element of the crime beyond a reasonable doubt.

V. The trial court has failed to take the finger print evidence from the 22

caliber rifle.

(Dkt. 10 at 5-8, 13) (spelling and syntax in original).

The record shows that Petitioner repeatedly has challenged his conviction and sentence in the federal courts. His first habeas corpus petition was dismissed for failure to exhaust state court remedies, *White v. Ward*, No. CIV 95-607-FHS (E.D. Okla. Mar. 12, 1997), and his second petition was dismissed as barred by the statute of limitations, *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). Petitioner also has filed the following second or successive § 2254 habeas petitions in this Court: *White v. Workman*, No. CIV 12-001-RAW-KEW (E.D. Okla. Jan. 12, 2012); *White v. Workman*, No. CIV 12-071-RAW-KEW (E.D. Okla. Feb. 24, 2012), *certificate of appealability denied*, Nos. 12-7015 & 12-7023 (10th Cir. May 23, 2012); *White v. Workman*, No. CIV 12-196-FHS-KEW (E.D. Okla. June 13, 2012); *White v. Workman*, No. CIV 12-306-RAW (E.D. Okla. July 17, 2012); *White v. Trammel*, No. CIV 13-185-RAW-KEW (E.D. Okla. May 16, 2013); *White v. Allbaugh*, No. CIV 19-080-JHP-KEW (E.D. Okla. Apr. 19, 2019), *authorization for second or successive petition denied*, No. 19-7026 (10th Cir. May 21, 2019); *White v. Crow*, No. CIV 20-116-RAW-KEW (E.D. Okla. July 14, 2020), *appeal docketed*, No. 20-7036 (10th Cir. July 20, 2020); and *White v. Farris*, No. CIV 20-371-JFH-KEW (Dec. 22, 2020). In addition, the United States District Court for the Western District of Oklahoma has dismissed at least one of Petitioner's habeas corpus petitions challenging his conviction and sentence, finding it was second or

successive. *White v. Yates*, No. CIV-18-1072-R (W.D. Okla. Jan. 3, 2019).

Further, the Tenth Circuit Court of Appeals denied Petitioner eighth motion for authorization to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b) in Case No. 20-7068 (10th Cir. Dec. 2, 2020) with the following warning:

> [I]f Mr. White files a future motion for authorization concerning this same underlying conviction or sentence in which he presents arguments in favor of authorization substantially similar to those presented in this or any of his previous motions for authorization, the Clerk shall dismiss the motion for authorization without further notice.

*Id.*, slip op. at 2.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).

Here, the Court finds the "interest of justice" does not warrant transfer, because Petitioner repeatedly has been advised of the necessity of authorization by the appellate court. Further, Petitioner's claim clearly would be barred by the statute of limitations. *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). For these reasons, the Court concludes that dismissal without prejudice, instead of transfer, is appropriate.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Petitioner's amended petition for a writ of habeas corpus (Dkt. 10) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 28th day of October 2021.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA